### RADIO CORPORATION OF AMERICA v. RADIO AUDION CO.

(District Court, D. Delaware. January 20, 1922.)

No. 439.

Patents ☞328—803,684, claim 1, for an audion, held valid and infringed, but claim 37 held not infringed.

The Fleming Patent, No. 803,684, for a wireless telegraph and telephone device known as an "audion," *held*, on motion for preliminary injunction, valid and infringed as to claim 1, by defendant's device when used as detector, but not infringed as to claim 37, by defendant's device when used as an amplifier, or as a generator of high-frequency oscillations.

In Equity. Suit for infringement of a patent by the Radio Corporation of America against the Radio Audion Company. On motion for preliminary injunction. Injunction directed, restraining use or sale of defendant's apparatus as a detector only.

Sheffield & Betts and J. Edgar Bull, all of New York City, and William G. Mahaffy, of Wilmington, Del., for plaintiff.

Darby & Darby, of New York City, and Andrew C. Gray, of Wilmington, Del., for defendant.

MORRIS, District Judge. Radio Corporation of America charges Radio Audion Company with infringement of claims 1 and 37 of letters patent No. 803,684, to John Ambrose Fleming, dated November 7, 1905, by making, using, and selling a radio or wireless telegraph and telephone device known as an "audion." A motion for preliminary injunction has been heard upon bill, affidavits, and documentary evidence. I have examined the record, and have studied the briefs of the respective parties with care. Defendant's device may be used as a detector, an amplifier, and as a generator of high-frequency electrical oscillations.

As the record now stands, I think claim 1 of the patent is valid, and that defendant's device, when it is used as a detector, falls within that claim. This makes it unnecessary to determine whether claim 37 is invalid for want of a supplemental oath; but, assuming that claim

also to be valid, I am not satisfied by the present record, consisting largely of ex parte affidavits, that the defendant's device, when used as an amplifier, or as a generator of high-frequency electrical oscillations, falls within the scope of either of those claims, and consequently the defendant should not now be enjoined from making or selling its devices for the latter uses. I think a more elaborate expression of views at this time would serve no useful purpose.

A decree directing the issuance of a preliminary injunction, enjoining and restraining the defendant from making or selling its device for use as a detector, may be submitted.