## ALLEN
### v.
### UNITED STATES
No. 4452
Circuit Court of Appeals
Third Circuit
February 11, 1931
*See, also, 47 F.2d 735*

D. Hamilton Jackson, Christiansted, St. Croix, Virgin Islands, *for petitioner*

Before Buffington, Woolley, and Davis, *Circuit Judges*, and J. Whitaker Thompson (Philadelphia, Pa.), *District Judge*

WOOLLEY, *Circuit Judge*

On this appeal from a decree of the District Court of the Virgin Islands of the United States dismissing a petition for naturalization, the sole question is whether the naturalization laws of the United States extend to those islands and whether, accordingly, the District Court there has jurisdiction for naturalization purposes. This requires an interpretation of the Act of Congress of February 25, 1927 (ch. 192, 44 Stat. 1234) and the application of the Act to the few undisputed facts of the case.

Joyce Ida Allen, the petitioner, was born in the United States in 1889 and thereupon became a citizen of the

United States. When an infant she was taken by her parents to the Island of St. John in the Danish West Indies. Her father, being a missionary, took her from one island to another in the Danish and British West Indies until, in 1916, she, with her family, came back to the United States and remained for about a year. Later they returned to the British West Indies where she married a British subject and thereupon lost her United States citizenship. In 1920, she and her husband, also a missionary, returned to the Virgin Islands, then territory of the United States, and in 1930 she applied to the District Court of the islands for naturalization. Though the Special Naturalization Examiner moved that she be granted citizenship, that court, believing itself without jurisdiction, denied her petition by the decree now under review.

■-■ It is plain that the treaty of cession between Denmark and the United States gave the Virgin Islands the character of territory appurtenant to the United States rather than territory incorporated into the United States. Keeping in mind the distinction between incorporated and unincorporated territory made in the Insular Cases (cited and discussed in Soto v. United States (C.C.A.3d 1928) 1 V.I. 536, 273 Fed. 628, 633), it is clear that, except by express legislation, the naturalization laws of the United States do not extend to the Virgin Islands. Yet it is equally clear that by reason of its absolute dominion over the islands acquired through treaty, the United States may extend to them its general naturalization laws or any other of its systems of law that it may determine. It exercised this sovereignty — somewhat negatively and indirectly — by the Organic Act (Act of Congress, March 3, 1917, ch. 171, 39 Stat. 1132 [48 U.S.C. §§ 1391, 1392, 1394-1396]), but very positively and directly with respect to naturalization by passing the Act of February 25, 1927, for the purposes which its title states, namely, "to confer

United States citizenship upon certain inhabitants of the Virgin Islands and to extend the naturalization laws thereto."

■ Although the title of an act of Congress is not a part of the law of the act, it may be employed in cases of doubt to find the purpose of the act and, throwing light upon its provisions, may validly be looked at in a search for the legislative intention. 3 Bouv. Law Dict. 3282, cases cited. The title of this Act (Feb. 25, 1927, supra) clearly discloses two purposes: One, "to confer United States citizenship upon certain inhabitants of the Virgin Islands," and the other "to extend the naturalization laws thereto." What does the Act do?

■ It contains five sections; the fifth is not in point. The first three relate to naturalization of natives and inhabitants of the islands under certain conditions of nativity and residence. By sections 1 and 3 (8 U.S.C. former §§ 5b, 5c), all former Danish citizens who, on January 17, 1917, resided in the islands and resided there at the passage of the Act of February 25, 1927, and had not preserved their Danish citizenship in the way provided by the treaty [of 1917, ceding the Virgin Islands to the United States; prec. 1 V.I.C.], and all natives of the islands, not citizens or subjects of foreign countries, who, on January 17, 1917, resided in the islands and resided there, or in the United States or Puerto Rico, at the time of the Act, and all persons born in the islands on or after that date yet subject to the jurisdiction of the United States are "declared" to be citizens of the United States.

Section 2 (8 U.S.C. former § 377a) provides that natives of the islands who, not being citizens or subjects of foreign countries, resided on January 17, 1917, in those islands or in the United States and were at the time of the Act residing in those islands or in the United States.

or Puerto Rico, and, except as otherwise provided, other persons residing in the islands on the two named dates, may, on petition filed within a named time, be naturalized (if otherwise eligible) in the Virgin Islands without a declaration of intention.

These sections relate exclusively to persons of birth and residence in the islands in respect to the effective dates of the treaty and the Act. As the petitioner comes within none of these classes, these sections are pertinent to this discussion only to show that the Act fully carries out the first declared purpose of its title — "to confer citizenship upon certain inhabitants of the Virgin Islands."

Section 4 (8 U.S.C. former § 358a) deals with jurisdiction of the Court for naturalization purposes over persons embraced in the second section and, we think, because of its broad language, with jurisdiction over persons not within the first three sections. It reads as follows:

"Section 4. The district court of the Virgin Islands of the United States shall have jurisdiction for naturalization purposes (including jurisdiction for the purpose of setting aside and canceling certificates of citizenship under section 15 of the Act entitled 'An Act to establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States,' approved June 29, 1906, as amended) ; and for the purpose of the naturalization laws residence in the Virgin Islands of the United States shall be considered as residence in the United States."

This provision of the Act seemingly carries out the second declared purpose of its title. — "to extend the naturalization laws" to the Virgin Islands. The then incumbent district judge, however, finding the statute ambiguous, construed the grant of jurisdiction to his court for naturalization purposes as limited to jurisdiction for the purposes of naturalization specified in the preceding sections in respect to certain inhabitants and natives. If this were a grant of limited jurisdiction, limited to one

year and to persons who under section 2 should file peti-
tions within that time, section 4 would, naturally, have
stated that fact and, clearly, it would not have concluded
with the provision that "for the purpose of the naturali-
zation laws, residence in the Virgin Islands of the United
States shall be considered as residence in the United
States." What naturalization laws? Either the naturali-
zation laws of the United States or the one naturalization
law of February 25, 1927, of which the expression is a
part. If it means only the instant naturalization law
with respect to the then inhabitants and natives of the
Virgin Islands, we do not believe that the Congress
would have used the broad expression, "laws of the
United States." Moreover, that provision if applicable
only to Danish subjects and natives would, in view of
the three preceding sections devoted exclusively to them,
be redundant and without meaning for the first three
sections had already liberally prescribed and strictly de-
fined residence with respect to them — in the Virgin Is-
lands, in the United States and Puerto Rico — on which
they were either "declared" citizens or given the right
to apply for citizenship. Therefore, it would seem, the
provision was intended to apply to other persons who,
like the petitioner, are outside of those favored classes.
The action of the Congress in prescribing a residence in
the Virgin Islands, conformably with the general naturali-
zation "laws" of the United States, and in vesting in the
District Court, by general terms, "jurisdiction for naturali-
zation purposes," seems to denote an intention to confer
jurisdiction of the general naturalization laws. After the
Congress had with meticulous care carried out its first
declared purpose of providing for the naturalization of
inhabitants and natives of specified residence as to place
and time, we gather from its next declared purpose —
"to extend the naturalization laws" to the Virgin Islands

— a purpose distinct from and not related to the first — that it must have intended to extend the naturalization laws of the United States for we can conceive of no other "naturalization laws" that it could intend to "extend" or had the power to "extend."

Moreover, when, in conferring upon the District Court jurisdiction for naturalization purposes, the Congress by terms included jurisdiction to set aside and cancel certificates of citizenship under section 15 of the Act of 1906 (ch. 3592, 34 Stat. 601; 8 U.S.C. former § 405), it did not pick out of that general Act a particular provision and confer jurisdiction upon the court with respect to it alone, but after using general words of a grant of jurisdiction it proceeded to "include" or name in the grant the jurisdiction of like courts under the general law. In this we discern an intention to grant jurisdiction of the whole subject, not to add jurisdiction to a limited subject. The expression "including jurisdiction to set aside and cancel certificates of citizenship" cannot be construed as an inadvertence or a lapse of English but must be construed as a part of the whole jurisdiction previously granted — emphasized in this way because it might be thought the power to naturalize does not connote the power to cancel naturalization papers and because of the hazard of fraudulent applications in far removed territories.

It should be noted — though, of course, it is not binding — that the Bureau of Naturalization regards the Act of February 25, 1927 (supra), as extending the naturalization laws of the United States to the Virgin Islands and until arrested by the decision in this case has endeavored so to administer them. This, also, is the attitude of the United States, party to this action, speaking through the Department of Labor. This is a significant concession. Yet there is more significance in the report of the Senate Committee on Immigration on House Bill

604

10,960 to amend the general United States law relating to the naturalization of married women, filed April 30, 1930. In that report the committee, speaking to the Senate, referred to a proposed amendment in respect to residence of the wife of an alien and said the amendment "permits residence in the Virgin Islands to be counted as residence within the United States, in conformity with the Act of February 25, 1927, which gave full naturalization jurisdiction to the District Court of the Virgin Islands. . . ."

Finally, and, we think, authoritatively, the Congress itself recognized that to be the law when by the Act of March 2, 1929 (ch. 536, 45 Stat. 1512, 1516), a general naturalization law of the United States, it amended the Act of June 29, 1906 (ch. 3592, 34 Stat. 596), another general law, indeed the basic naturalization law of the United States. The earlier Act conferred naturalization jurisdiction on United States district courts in any state and in certain named territories among which were Alaska and the District of Columbia. It also limited naturalization jurisdiction of all courts, state, territorial and federal, "to aliens resident within the respective judicial districts of such courts." This general Act of March 2, 1929, obviously with the purpose of making the jurisdiction of the District Court for the Virgin Islands (conferred two years before by the Act of February 25, 1927, here in question) conform to the requirements of the general Act of June 29, 1906, amended (by section 9, 45 Stat. 1515, 1516) the latter Act by adding thereto section 35 (8 U.S.C. former § 380b) which reads as follows:

"When used in this . . . title the term 'county' includes parish in the State of Louisiana; . . . a division of the judicial district in the Territory of Alaska; the entire island in the case of Porto Rico; the entire territory comprised within the Virgin Islands in the case of the Virgin Islands; and the entire district in the case of the District of Columbia."

We regard this as a clear recognition by the Congress that by its Act of February 25, 1927, it extended the naturalization laws of the United States to the Virgin Islands and that the jurisdiction for naturalization purposes which it conferred upon the District Court of the Virgin Islands by that Act is the same that by the Act of June 29, 1906, it conferred upon like territorial courts.

We are constrained to reverse the order of the District Court dismissing the appellant's petition with direction that the petition be reinstated and thereafter the proceedings be conducted in conformity with this opinion.