**Alfred B. HAYES and William F. Callahan, Plaintiffs,**

**v.**

**GOVERNMENT OF the VIRGIN IS-LANDS and John E. Harding, Commissioner of Public Works Department, Defendants.**

**Civ. No. 354–1972.**

District Court, Virgin Islands, D. St. Croix.

April 24, 1975.

Nichols & Silverlight, John B. Nichols, of counsel, Christiansted, St. Croix, V. I., for plaintiffs.

O. S. Mingus, Asst. Atty. Gen., of counsel, Christiansted, St. Croix, V. I., for defendants.

## MEMORANDUM OPINION AND ORDER

WARREN H. YOUNG, District Judge.

Plaintiffs Hayes and Callahan have moved for a reconsideration of this Court's Memorandum Opinion and Judgment entered on March 3, 1975, wherein the road running from the northwestern to the northeastern corners of plaintiffs' property in Plot No. 36, Estate St. John, St. Croix, was deemed a public right-of-way. Plaintiffs' appended Memorandum of Law addresses itself solely to the issue of whether or not 43 U.S.C. § 932 is applicable in the Virgin Islands. In the face of the surprising

dearth of case law on the issue of which federal statutes apply in these islands, I have agreed to reconsider the position taken in my Opinion of March 3rd.

Plaintiffs' position, apparently derived from the 1921 Third Circuit decision in Soto v. United States, 273 F. 628, 1 V.I. 536, is that because the Virgin Islands has been designated a territory appurtenant to rather than incorporated into the United States, the only laws of the United States applicable here are the Act of Congress of March 3, 1917, the subsequent Organic Acts of 1936 and 1954, the fundamental law of the Constitution and federal statutes made expressly applicable to the territories. Soto v. United States, 273 F. at 633. *See also* Allen v. United States, 47 F.2d 735, 736 (3d Cir. 1931).

That the Virgin Islands are an unincorporated territory of the United States cannot be disputed. From that fact of unincorporation alone, however, one cannot assume the non-applicability of all federal statutes which do not make specific reference to the territories. For, Section 1891 of the Revised Statutes of the United States, 48 U.S.C. § 1490, enacted by Congress in 1875, provided that:

> "[t]he Constitution and all laws of the United States which are not locally inapplicable shall have the same force and effect within all the *organized* Territories, and in every Territory hereafter *organized* as elsewhere within the United States." (emphasis added.)

▌ The proper inquiry, then, at least up to the date of repeal of Section 1891 in 1933, is whether the Virgin Islands were an "organized" territory upon the enactment of the Act of March 3, 1917. In Richardson v. Electoral Boards, 1 V.I. 301 (D.V.I.1936), the Court enumerated the aspects of an or-ganized territory clearly evinced by these islands in 1916 under Danish rule and thereafter continued upon American acquisition in 1917.

> "There was land, which was inhabited by human beings living under a civilized form of Government. They had (1) a basic law, Amalienborg Code of 1863  . . .  as modified by the Amalienborg Code of 1906  . . . , (2) a Chief Executive, the Governor, (3) a legislative assembly in each of two organized municipalities, (4) power in the Legislative Assemblies by joint action to legislate for the entire Dutch Islands, although the legislative power was subject to the approval of the King and Diet in Denmark, (5) a Judiciary, consisting of lower, general, and appellate courts, (6) an elaborate administrative organization, (7) popular elections and, (8) a great degree of supervised local autonomy".

*Id.* at 332–33. The Court concluded that the Virgin Islands have been an organized territory of the United States since their acquisition,[1] thus triggering the implicit adoption by the Virgin Islands, via Section 1891, of all laws of the United States not expressly inapplicable. *Id.* at 334.

Since the Third Circuit in both the *Soto* and *Allen* cases, handed down in 1921 and 1931 respectively, failed to consider both that an unincorporated territory may nonetheless be organized [*see* Smith v. Government of the Virgin Islands, 6 V.I. 136, 144 (3d Cir. 1967)] and the potential applicability of Section 1891 to these islands, I must find that the precedential impact of these decisions is greatly diminished.

Enacted by Congress in 1866, 43 U.S. C. § 932, the federal right-of-way dedication provision, became law in the Virgin Islands by way of Section 1891 in 1917 and remained so at least until the

---

1. I do not believe that the Third Circuit decision in Smith v. Government of the Virgin Islands, 6 V.I. 136 (3d Cir. 1967), compels a different result. Although the Court indicated unequivocally that the Virgin Islands have been organized since at least the promulgation of the Organic Act of 1936 [*id.* at 147], the status of the islands prior thereto was not considered by the Court.

repeal of 1891 in 1933. Under the facts of the instant litigation, the United States Government did not become owner of the disputed land until December 19, 1935. The Federal Government's Section 932-type offer to dedicate unreserved lands for highway purposes clearly does not become ripe until the government assumes ownership. The question thus arises as to what effect, if any, the repeal of Section 1891 in 1933 has on the applicability of 43 U.S.C. § 932 in 1935.

However meager in legislative history the repeal statute may be, its essential objective is a wholesale repeal of a large number of statutes, including Section 1891, which Congress had determined to be "obsolete". *See* Act of Mar. 3, 1933, ch. 202, § 1, 47 Stat. 1428. The repeal of Section 1891, then, is not necessarily reflective of a change in congressional policy but rather an acknowledgment that there were other, more recent, statutory enactments which effectively replaced it. In 1912 and 1932, for example, Congress enacted individual provisions virtually identical in content to Section 1891 for the territories of Alaska and Hawaii, respectively. *See* 48 U.S.C. § 23, 37 Stat. 512 (Alaska); 48 U.S.C. § 495, 47 Stat. 205 (Hawaii). Section 3 of the 1933 repeal statute further buttresses the view that no affirmative change was intended by Congress in its repeal of 1891. That provision suggests that any rights or liabilities already existing on March 3, 1933 shall not be affected by the repeal of the delineated statutes. 47 Stat. at 1431. *See also* United States v. Obermeier, 186 F. 2d 243, 252 (2d Cir. 1950).

Unfortunately, no section replacing 1891 was enacted for the Virgin Islands, thus leaving a conspicuous gap insofar as legislative intent is concerned between the repeal of Section 1891 in 1933

and the enactment of the Organic Act of 1936. Section 18 of the Organic Act of 1936 provided in part that "[t]he laws of the United States applicable to the Virgin Islands on the date of the enactment of this Act, . . . not inconsistent with this Act, shall continue in force and effect". It can thus be seen that the 1936 Act itself contains nothing which might indicate a departure from the policies embodied in Section 1891 of the Revised Statutes. Indeed, Section 4(e) of the 1936 Act, which by its terms prohibits the impairment of any authorizations, permits, or other powers heretofore granted to the Virgin Islands by the Federal Government, appears on its face to encompass 932-type statutes and further evidences an unwillingness to cut off the benefits derived therefrom.

From the foregoing discussion, it is clear that from 1875 to 1933, Congress intended to extend the laws of the United States, at least those of general character and universal application [*see* Buttron v. El Paso, 93 S.W. 676 (Tex.Civ. App.1906)], to its territories. As stated previously, nothing in the Organic Act of 1936 in any way modifies this posture; and in the absence of any indication in the years between 1933 and 1936 that Congress intended to do so, I must find that the spirit and fundamental direction of Section 1891 has endured.

Nor can a change in legislative emphasis be found in the Revised Organic Act of 1954. Promulgated primarily to remove the restrictions placed upon the local legislature by the 1936 Act [*see* Virgo Corp. v. Paiewonsky, 6 V.I. 256, 272 (3rd Cir. 1967)], the 1954 Act in Section 8(c) provides for the continued applicability of all federal laws heretofore deemed applicable to the Virgin Islands.[2]

Even more compelling than the foregoing analysis, however, are the impor-

---

2. Section 8(d) of the Revised Organic Act of 1954 provided for the appointment of a presidential commission to survey the field of federal statutes and to make recommendations to Congress as to which laws of the United States should be made applicable to

the Virgin Islands. The annotations following both Title 48 of the United States Code and Title 1 of the Virgin Islands Code give no indication as whether said commission was ever appointed, and if so, whether any recommendations were in fact made.

tant policy considerations set forth in Part II of my Memorandum Opinion of March 3, 1975. To the reasons stated therein, I must add that of necessity. 48 U.S.C. § 1489 provides in essence that there can be no adverse possession in territorial lands against the United States. Without Section 932 to protect those who have encroached upon public lands with the actual or ostensible concurrence of the Federal Government, anyone who would do so would be a trespasser and thus forced to assume a legally indefensible position.

Although the March 3rd Opinion of this Court was based primarily on the dedication provision of 43 U.S.C. § 932, I made an alternative finding that the 1947 quitclaim deed from the Federal Government to the Municipality of St. Croix included the road in question, despite the failure of the road to appear on the Revised Subdivision Map dated March 13, 1947. In light of this alternative basis for my decision, I need not have indulged in a total reevaluation of my position on the applicability of Section 932 to these islands. I did so, however, in the hope that the reasons set forth on that issue would fill the void created by the repeal of Section 1891 of the Revised Statutes.